79 F.3d 1150
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald L. TAYLOR, also known as Big Top, Defendant-Appellant.
 No. 95-1487.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 27, 1996.
Decided March 11, 1996.
 
 Before POSNER, Chief Judge, BAUER, and EVANS, Circuit Judges.
 
 ORDER
 
 1
 A federal jury convicted Donald Taylor on five counts related to his possession, distribution, and membership in a conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. Because Taylor had already been convicted of a felony drug offense in state court, the district court sentenced him to 240 months concurrent imprisonment on all counts pursuant to the mandatory minimum and sentence enhancement provisions of 21 U.S.C. § 841(b). On this appeal, he challenges the district court's calculation of the amount of drugs attributable to him and contends that the court improperly failed to consider departing down from the range provided by sentencing guidelines. Because Taylor's claims have no merit, we affirm.
 
 
 2
 Section 841(a) prohibits, among other things, the possession of a controlled substance with intent to distribute. Section 841(b) provides that if one commits a subsection (a) offense involving more than 50 grams of a substance containing cocaine base (i.e., crack) "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(A). On May 7, 1994, four months before Taylor's trial commenced, the government filed an information in accordance with 21 U.S.C. § 851(a) noting its intention to seek a § 841(b) enhancement on the conspiracy count. In 1991 Taylor had pled guilty in Illinois state court to a felony charge of unlawful delivery of a controlled substance in violation of Illinois law. Taylor did not object to the notice and has not challenged the existence or finality of his prior felony conviction.
 
 
 3
 The district court attributed 287.89 grams of crack to Taylor and calculated his base offense level at 34, which, in light of his criminal history, yielded a guideline range of 168 to 210 months imprisonment. Taylor contends that the court should have found only 146.14 grams, lowering his offense level to 32. He claims on appeal that an additional 28.35 grams should have been lopped off the total.
 
 
 4
 Taylor's problem, and it's a big one, is that his sentence is not governed by his guideline range, but by the statutory mandatory minimum. He concedes conspiratorial culpability for 146.14 grams of crack. Even if all the crack he contests is scuttled, what he still is left holding is far more than what is necessary--a mere 50 grams--to trigger the mandatory minimum provided by the statute.
 
 
 5
 Taylor's argument that the district court should have granted a downward departure also lacks merit. There is no reason to credit Taylor's suggestion that the district court judge misunderstood his authority when he correctly stated that "it is my job and duty as a judicial officer to pass sentence within the parameters of the Sentencing Guidelines that I am bound and obligated to follow." (Sent. Tr. at 20.) Defendant's counsel did not request a departure, but rather said, "I believe that in this instance the mandatory minimum simply should be imposed." (Id. at 16.) Moreover, the district court actually did lack authority to depart because 18 U.S.C. § 3553(e) provides that the court may impose a sentence less than the minimum only on the government's motion where the defendant has been of "substantial assistance in the investigation or prosecution of another person who has committed an offense." No such motion was made, and there is no evidence that Taylor provided substantial assistance.
 
 
 6
 For these reasons, the judgment of the district court is AFFIRMED.